IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PRESTON EARL DUNN, #190556,    )
    )
    Petitioner,    )
    )
    v.    )    CIVIL ACTION NO. 2:03-CV-1252-ID
    )
STEVEN BULLARD, *et al.*,    )
    )
    Respondents.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Preston Earl Dunn ["Dunn"], a state inmate, on December 19, 2003.  In this petition, Dunn challenges a murder conviction imposed upon him by the Circuit Court of Bullock County, Alabama on December 15, 2000.  The trial court sentenced Dunn as a habitual offender to life imprisonment without parole.

Dunn filed a direct appeal of his conviction in which he raised the following claims for relief:  (1) the evidence was insufficient to convict him of murder; (2) the trial court committed reversible error in refusing to give proffered jury charges on third degree assault and criminally negligent homicide; and (3) the trial court erred in denying his motion for change of venue.  *Respondents' Exhibit B - Brief of Appellant.*

On September 21, 2001, the Alabama Court of Criminal Appeals affirmed Dunn's murder conviction in a memorandum opinion. *Respondents' Exhibit D - Memorandum Opinion on Direct Appeal*. The court determined that Dunn's claims regarding insufficient evidence and change of venue lacked merit. *Id*. at 1-2. The court further held that the trial court did not err in failing to instruct the jury on third degree assault and criminally negligent homicide. *Id*. at 3. Dunn failed to file an application for rehearing or seek relief from the Alabama Supreme Court. The Alabama Court of Criminal Appeals therefore issued the certificate of judgment on October 9, 2001. *Respondents' Exhibit E*.[1]

In September 2002, Dunn filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in which he argued that: (1) appellate counsel provided ineffective assistance because she failed to (i) raise various claims of ineffective assistance of trial counsel, (ii) file an application for rehearing upon the Alabama Court of Criminal Appeals affirming the murder conviction, and (iii) consult with petitioner with respect to the issues presented on appeal; and (2) he was denied due process because state officials refused to release a list of the grand jury including each member's race, age, gender and sex.

The trial court denied this petition on January 27, 2003 without conducting an

---

[1] 1. Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

evidentiary hearing because "the petitioner raised no disputed facts that would require the granting of an evidentiary hearing." *Respondents' Exhibit F* at 49.  In determining that the claims presented by Dunn were devoid of merit, the court relied on "having heard the testimony in Open Court, reviewed the Court file, to include the Petition and Response by the State and the Reporter's Official Transcript, the Clerk's Record, and the Briefs filed on Appeal." *Id.*

Dunn appealed this decision, arguing that the trial court abused its discretion in denying the Rule 32 petition without conducting an evidentiary hearing.  *Respondents' Exhibit G - Dunn's Brief on Appeal from Denial of Rule 32 Petition*.  The Alabama Court of Criminal Appeals determined that the due process claim based on a list of the grand jurors was "precluded because it could have been, but was not, raised on [direct] appeal" and further held that "Dunn's claims of ineffective assistance of appellate counsel . . . were without merit." *Respondents' Exhibit J - Memorandum Opinion on Appeal from Denial of Rule 32 Petition* at 2.  The appellate court therefore concluded that "[b]ecause Dunn's claims were either factually without merit or precluded, summary disposition was appropriate." *Id*. at 3.

Dunn filed an application for rehearing which the Alabama Court of Criminal Appeals denied on July 18, 2003.  *Respondents' Exhibit J - Notification of Action on Application for Rehearing*.  Although Dunn filed a petition for writ of certiorari, the

Alabama Supreme Court denied this writ on December 12, 2003.  *Respondents' Exhibit K*.

Dunn filed this 28 U.S.C. § 2254 petition on May 7, 2003.  He asserts the following claims for relief:

> 1.   The trial court abused its discretion in denying the Rule 32 petition without first conducting an evidentiary hearing.
>
> 2.   The evidence was insufficient to support a conviction for murder.
>
> 3.   The trial court improperly refused to give requested jury charges on third degree assault and criminally negligent homicide.
>
> 4.   The trial court erred in denying petitioner's motion for change of venue.

On March 4, 2004, the respondents filed an answer in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*.  They contend that Dunn's claims challenging the sufficiency of the evidence, the trial court's refusal to give requested jury charges and its denial of a change of venue are procedurally barred from review by this court because these claims "were not presented to the Supreme Court of Alabama in a petition for writ of certiorari" on direct appeal. *Respondents' Answer* at 6; *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001).  With respect to Dunn's claim that the trial court erred when it denied his Rule 32 petition absent an evidentiary hearing, it is clear that this claim fails to provide a basis for federal habeas

relief.

Upon review of the § 2254 petition, the answer of the respondents and Dunn's response to the answer, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A.   *Lack of Rule 32 Evidentiary Hearing*

Dunn asserts that he was entitled to an evidentiary hearing on his Rule 32 petition. The failure of a state court to conduct an evidentiary hearing on a state post-conviction petition does not implicate the Constitution.  States have no constitutional obligation to provide collateral review, and when they do, nothing in the Constitution requires that an evidentiary hearing be held.  *See Murray v. Giarratano*, 492 U.S. 1, 6-8, 109 S.Ct. 2765, 2768-2769 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994 (1987); *Golston v. Attorney General of the State of Alabama*, 947 F.2d 908, 911 (11th Cir. 1991).

To the extent that Dunn bases this claim on an alleged violation of state law, he is similarly entitled to no relief because a state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on questions of

5

state law.  *Estelle v. McGuire*, 502 U.S. 62 (1991).  Consequently, Dunn is due no relief on

his claim that the trial court erred in dismissing his Rule 32 petition without conducting an

evidentiary hearing.[2]

---

[2]2.  The Circuit Court of Bullock County determined that Dunn failed to present facts warranting
an evidentiary hearing on his Rule 32 petition.  *Respondents' Exhibit F* at 49.  On appeal from this decision,
the Alabama Court of Criminal Appeals expressly held that the trial court properly dismissed the Rule 32
petition without conducting an evidentiary hearing.  *Respondents' Exhibit J - Memorandum Opinion on
Appeal from Denial of Rule 32 Petition*.  Thus, even if this claim warranted federal review, such review would
be severely limited by the directives of 28 U.S.C. § 2254(d)(1) and (2).  *Williams v. Taylor*, 529 U.S. 362
(2000).  Under these sections, habeas relief is appropriate only when a petitioner demonstrates "that a
decision by a state court is 'contrary to' . . . clearly established [Supreme Court] law if it 'applies a rule that
contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that
are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result
different from [Supreme Court] precedent.'  *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146
L.Ed. 2d 389 (2000)."  *Price v. Vincent*, 538 U.S. 634, 640, 123 S.Ct. 1848, 1853 (2003).  Additionally,
federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable
in the light of clearly established federal law.  *Williams,* [529 U.S. at 409],120 S.Ct. at 1521."  *Hawkins v.
Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing
*Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only
if the state court's application of clearly established federal law was 'objectively unreasonable.'").  A federal
district court is not to decide "the correctness *per se* . . . of the state court decision" but only the "objective
reasonableness" of such decision.  *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001).  Moreover, "an
*unreasonable* application of federal law is different from an *incorrect* application of federal law."  *Williams*,
529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original).  "Under § 2254(d)(1)'s 'unreasonable application'
clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its
independent judgment that the relevant state-court decision applied clearly established federal law
erroneously or incorrectly.  Rather, that application must also be unreasonable."  529 U.S. at 411, 120 S.Ct.
at 1522.  Federal district courts are likewise directed to determine whether the state court based its findings
on "an unreasonable determination of the facts in light of the evidence presented in the State court
proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be
correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear
and convincing evidence."  28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question
of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of
§ 2254(d)."  *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The Supreme Court admonishes that such evaluation
"exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d) . . ."  538 U.S. at 636, 123 S.Ct.
at 1851.              In light of the foregoing, even assuming arguendo that Dunn's claim regarding the denial of
an evidentiary hearing on the Rule 32 petition allows for federal review, such claim would not entitle Dunn
to relief as the state courts properly adjudicated the claim on the merits.  *Williams*, 529 U.S. at 404-405, 120
S.Ct. at 1518-1523 (2000).  Specifically, the decision of the trial court on the evidentiary hearing issue as
affirmed by the state appellate court was not contrary to or an unreasonable application of federal law nor an

**B.     *Procedurally Defaulted Claims***

**1.     State Court Proceedings**

Dunn presented claims regarding the sufficiency of the evidence, denial of jury charges and change of venue to the Alabama Court of Criminal Appeals on direct appeal. The state appellate court decided these claims adversely to Dunn.  The court determined that the change of venue claim had

> not been preserved for [appellate] review" and was similarly "without merit. . . . Therefore, even if [this] issue had been preserved at trial, we would have held that the denial of a motion for change of venue was not an abuse of the trial court's discretion.

*Respondents' Exhibit D - Memorandum Opinion on Direct Appeal* at 1-2.  The appellate court also rejected Dunn's claims challenging the sufficiency of the evidence and the trial court's failure to give jury charges on third degree assault and criminally negligent homicide.  *Id*. at 2.  Dunn did not seek a rehearing before the Alabama Court of Criminal Appeals and did not file an application for writ of certiorari in the Alabama Supreme Court. Consequently, these claims are procedurally defaulted.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

The question is "not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts . . ." 526 U.S. at 848. When a petitioner "fails to present his

unreasonable determination of the facts in light of the evidence presented to the state courts.

claims in a petition for discretionary review to a state court of last resort" he has not "*properly* presented his claims to the state courts" and "has procedurally defaulted his claims." *Id*.

### 2.    Cause and Prejudice

This court may reach the merits of a petitioner's procedurally defaulted claims only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

Dunn has demonstrated neither cause for the failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.[3]  Nevertheless, this court may still reach the merits of his defaulted claims to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).   Innocence is not an independent claim; rather, it is the

---

[3].  In response to the order requiring that he show cause for his procedural default, Dunn merely reasserts his argument that the trial court inappropriately dismissed the claims raised in his Rule 32 petition without conducting an evidentiary hearing and challenges the respondents' reliance on the provisions of 28 U.S.C. § 2254(d)(1) as a basis for denial of relief on the evidentiary hearing claim. *Court Doc. No. 19* at 2-3.

"gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Dunn has failed to make the requisite showing of actual innocence. He has presented no evidence nor suggested that any exists which could satisfy the standard set

9

forth in *Schlup*.  Consequently, Dunn's procedurally defaulted claims are foreclosed from federal habeas review.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Preston Earl Dunn be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before March 30, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of March, 2006.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE